ORIGINAL

FILED
CLERK, U.S DISTRICT COURT

NOV - 9 2005

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

Prior
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

LODGED
2005 NOV -7 PM 3:24
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CA. L.A.

DAVID E. KENDALL (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Telecopy: (202) 434-5029

*Attorneys for Motion Picture Studio Plaintiffs*
*(Other than Time Warner Motion Picture Plaintiffs)*

ROBERT M. SCHWARTZ (Bar No. 117166)
O'MELVENY & MYERS LLP
1999 Avenue of the Stars, Seventh Floor
Los Angeles, California 90067-6035
Telephone: (310) 553-6700
Telecopy: (310) 246-6779

*Attorneys for Time Warner Motion Picture Plaintiffs*

STEVEN B. FABRIZIO (*pro hac vice*)
JENNER & BLOCK LLP
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005-3823
Telephone: (202) 639-6000
Telecopy: (202) 639-6066

*Attorneys for Record Company Plaintiffs*

GEORGE M. BORKOWSKI (Bar No. 133416)
MITCHELL SILBERBERG & KNUPP
11377 West Olympic Boulevard
Los Angeles, California 90064
Telephone: (310) 312-2000
Telecopy: (310) 312-3100

*Attorneys for Record Company Plaintiffs*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRO-GOLDWYN-MAYER STUDIOS INC., *et al.*,<br><br>Plaintiffs,<br>v.<br>GROKSTER, LTD., *et al.*,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No.: CV 01-08541 SVW (FMOx)<br><br>[~~PROPOSED~~] ORDER ENTERING CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST GROKSTER, LTD., SWAPTOR, LTD., DANIEL B. RUNG, MATTHEW A. RUNG, AND MICHAEL RUNG |

DOCKETED ON CM
NOV 10 2005
BY          022

This matter came before the Court on the Stipulation of Swaptor, Ltd., Daniel B. Rung, Matthew A. Rung, Michael Rung, Defendant Grokster, Ltd., (collectively, "the Grokster Parties") and Plaintiffs to the entry of Judgment. For purposes of this Judgment and Permanent Injunction, the term "Grokster System and Software" means the software the Grokster Parties distributed under the names "Grokster" and "Swaptor" (the "Grokster Software"), and the computer servers the Grokster Parties operated, and other activities in which the Grokster Parties engaged, including operating the "Grokster.com" and the "Swaptor.com" websites, to allow users of the software to connect to and use computer networks to reproduce and distribute digital files utilizing technology known as "FastTrack" and/or technology known as "openNap."

Pursuant to the Plaintiffs' and the Grokster Parties' Stipulation, IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. The Amended Complaint in Case No. CV 01-08541 SVW (FMOx) hereby is amended to add Swaptor, Ltd., Daniel B. Rung, Matthew A. Rung, and Michael Rung as Defendants.

2. Judgment shall be entered against the Grokster Parties and in favor of Plaintiffs in Case No. CV 01-08541 SVW (FMOx).

3. The Grokster Parties, and each of them jointly and severally, are ordered to pay fifty million dollars ($50,000,000) in damages to Plaintiffs. This fifty-million dollar judgment shall be reduced by the amount of the monetary judgment, if any, against the Grokster Parties in *Jerry Leiber, et al. v. Consumer Empowerment BV a/k/a FastTrack, et al.*, Case No. CV 01-09923 SVW (FMOx).

4. The Grokster Parties, their respective agents, servants, employees, representatives, parents, subsidiaries, affiliates, shareholders, officers,

principals, successors, assigns, licensees, transferees (including but not limited to any purchasers, assigns, licensees, or transferees of any software or file-trading technology owned or controlled by the Grokster Parties), and all those acting in concert with them, at their direction or within their control:

    a. are permanently enjoined and restrained from directly, indirectly, contributorily, or vicariously infringing in any manner any copyright in any and all musical works, sound recordings, motion pictures, television programs and other copyrighted works (or portions thereof), whether now in existence or later created, in which any Plaintiff (including its parents, subsidiaries or affiliates) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106), protected by state or common law, or pursuant to copyright laws of other countries or territories (the "Copyrighted Works"), including but not limited to by engaging in any of the following without appropriate written authority or license from the appropriate Plaintiff:

        1) directly or indirectly copying, reproducing, downloading, distributing (which hereinafter shall include, without limitation, making a work available for distribution by placing the work in a computer file or folder that is accessible by others for downloading), uploading, linking to, transmitting, publicly performing, or otherwise exploiting any of the Copyrighted Works; and

        2) directly or indirectly enabling, facilitating, permitting, assisting, soliciting, encouraging, or inducing any person or entity ("User"), via the Grokster System and Software or any

2

other peer-to-peer or file-trading network, or other network, service, or medium, including but not limited to the Gnutella Network, (A) to copy, reproduce, download, distribute, upload, link to, transmit, or publicly perform any of the Copyrighted Works, or (B) to make any of the Copyrighted Works available for copying, reproduction, downloading, distributing, uploading, linking to, transmitting, or public performance;

b. are permanently enjoined and restrained from directly or indirectly operating or assisting in or supporting the operation of any computer server or website or distributing any software in any way related to the Grokster System and Software, or any other peer-to-peer or file-trading network, or other network, service, or medium, including but not limited to the Gnutella Network, that enables, facilitates, permits, assists, solicits, encourages, or induces the copying, reproduction, downloading, distributing, uploading, linking to, transmitting, public performance, or other exploitation of any of the Copyrighted Works, unless and until the Grokster Parties have obtained all necessary written authority or license for such Copyrighted Works from each Plaintiff that owns any such Copyrighted Works;

c. are ordered to immediately (i) cease, directly or indirectly, to operate, facilitate or assist in or support the operation of Grokster.com, Swaptor.com, or any computer server (including but not limited to any nodes or supernodes), website or software in any way related to the Grokster System and Software or any other peer-

to-peer or file-trading network, or other network, service, or medium, including but not limited to the Gnutella Network, (ii) cease, directly or indirectly, to distribute or assist in the distribution of, including but not limited to by shutting down any distribution servers, any software enabling users to connect to the Grokster System and Software or any other peer-to-peer or file-trading network, or other network, service, or medium, including but not limited to the Gnutella Network, (iii) revoke the license or authority of any third party authorized to distribute the Grokster Software, send cease-and-desist notices to any known unauthorized third party distributors, and assign to Plaintiffs any and all rights or claims that the Grokster Parties would have against any party that refuses to honor such revocation of authority or cease-and-desist notice; (iv) cease, directly or indirectly, to provide any user support with respect to any such software; and (v) cease any advertising on Grokster.com, or through or for the Grokster System and Software;

d. are permanently enjoined and restrained from directly or indirectly releasing publicly, distributing or giving away, for consideration or otherwise, any software, source code, object code, other technology, domain names, trademarks, brands, assets or goodwill in any way related to the Grokster System and Software, including but not limited to by posting such materials on an Internet web page or by offering such materials over any peer-to-peer or file-trading network, or other network, service, or medium, except in compliance with paragraph 5 below.

4

5. If the Grokster Parties sell, lease, convey, transfer, or assign all or any significant part of the business, equity, operations, or assets of Grokster, Ltd. or the Grokster System and Software, they will require, as a condition of any such transaction, that each purchaser, lessee, or other transferee or assignee (a) submit to this Court's jurisdiction and venue, (b) agree to be bound by the terms herein, and (c) apply to the Court for an order adding them as a party to the permanent injunction entered by the Court against the Grokster Parties.

6. The Grokster Parties irrevocably and fully have waived notice of entry of this Judgment and Permanent Injunction, and notice and service of the entered Judgment and Permanent Injunction. Violation of this Judgment and Permanent Injunction will expose the Grokster Parties to all penalties provided by law, including for contempt of Court.

7. The Grokster Parties shall give notice of this Judgment and Permanent Injunction to each of their officers, directors, agents, servants, employees, assigns, partners, owners, alter egos, affiliates, all entities through which they conduct business, representatives, successors, licensees, and all those acting in concert or participation with each or any of them.

8. The Grokster Parties irrevocably and fully have waived any and all right to appeal this Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

9. Nothing contained in this Judgment and Permanent Injunction limits the right of Plaintiffs to recover damages for any and all infringements by the Grokster Parties of Plaintiffs' Copyrighted Works occurring after the date the

1  Grokster Parties executed the Stipulation to this Judgment and Permanent
2  Injunction.

3

4        10.   Plaintiffs are not required to post any bond or security, and
5  Grokster permanently, irrevocably, and fully has waived any right to request a bond
6  or any other security.

7        11.   The Court shall maintain continuing jurisdiction over this action
8  for the purpose of enforcing this final Judgment and Permanent Injunction.

Dated: _November 8_, 2005

_____
The Honorable Stephen V. Wilson
United States District Court Judge