DAVID E. KENDALL (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Telephone: (202) 434-5000
Telecopy: (202) 434-5029

JAN B. NORMAN (Bar No. 117117)
WILLIAMS & CONNOLLY LLP
15503 Ventura Boulevard
Encino, California 91436-3103
Telephone: (818) 995-6600, x250
Telecopy: (818) 382-1797

*Attorneys for Motion Picture Studio Plaintiffs*

FILED
CLERK, U.S. DISTRICT COURT
JUL 27 2006
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ___
Send ___ X
Enter ___
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

LODGED
2006 JUL 26 PM 3:30
CLERK U.S. DIST. COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| METRO-GOLDWYN-MAYER STUDIOS INC., *et al.*, <br><br> Plaintiffs, <br> v. <br> GROKSTER, LTD., *et al.*, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | Case No.: CV 01-08541 SVW (FMOx) <br><br> **STIPULATION TO CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST SHARMAN NETWORKS LTD AND LEF INTERACTIVE PTY LTD** |

DOCKETED ON CM
JUL 28 2006
BY _____ 02

[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION – CV 01-08541 SVW (FMOx)

1  Defendants Sharman Networks Ltd ("Sharman"), LEF Interactive Pty Ltd
2  ("LEF"), and Sharman License Holdings Ltd ("SLH") (collectively, "the Sharman
3  Defendants"), and Kazaa BV, on the one hand (collectively, "the Kazaa
4  Defendants"), and Plaintiffs Metro-Goldwyn-Mayer Studios Inc., Columbia
5  Pictures Industries, Inc., Disney Enterprises, Inc., Warner Bros. Entertainment Inc.
6  (as successor-in-interest to the Filmed Entertainment Division of Time Warner
7  Entertainment Company, L.P.), New Line Cinema Corporation, Paramount Pictures
8  Corporation, Twentieth Century Fox Film Corporation, and Universal City Studios
9  LLLP (f/k/a Universal City Studios, Inc.) (collectively, "the Motion Picture Studio
10 Plaintiffs"), on the other hand, by and through their undersigned counsel, hereby
11 stipulate to the entry of Judgment and a Permanent Injunction in favor of the
12 Motion Picture Studio Plaintiffs according to the following terms. For purposes of
13 this Stipulation, and the Judgment and Permanent Injunction, the term "Kazaa
14 System and Software" shall means the software heretofore distributed under the
15 name "Kazaa" or the "Kazaa Media Desktop" or "KMD" or "Kazaa Plus" (the
16 "Kazaa Software"), the computer servers operated by the Kazaa Defendants, and
17 other activities in which the Kazaa Defendants engaged, including operating the
18 "kazaa.com" website, to allow users of the Kazaa Software ("Users") to connect to
19 and use computer networks consisting, inter alia, of other Users of Kazaa Software,
20 to reproduce and distribute digital files.

22  1.  Judgment shall be entered against the Kazaa Defendants and in
23 favor of the Motion Picture Studio Plaintiffs in Case No. CV 01-08541 SVW
24 (FMOx), in accordance with this Stipulation, each party to bear its own fees and
25 costs.

2. The Kazaa Defendants, and each of them, and including their respective officers, agents, servants, employees, and attorneys and those persons in active concert or participation with them who received actual notice of this Consent Judgment and Permanent Injunction by personal service or otherwise:

    a. Immediately and permanently shall cease and desist on a worldwide basis, from, in any manner, directly, contributorily, or vicariously infringing, or inducing the infringement of (as those terms are understood under United States copyright statutory and case law), any copyright in any and all motion pictures, television programs, or other copyrighted works (or portions thereof), whether now in existence or later created, in which any Motion Picture Studio Plaintiff (including its parents, subsidiaries, and affiliates) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106) (the "Copyrighted Works") or the applicable copyright law of any other jurisdiction. This shall include, but is not limited to, engaging in any of the following without the authorization of the appropriate Motion Picture Studio Plaintiff:

    (i) copying, reproducing, publicly performing, or otherwise exploiting any of the Copyrighted Works via the Kazaa Software or any comparable software, except for the limited purpose of testing the effectiveness of copyright filtering undertaken in order to help ensure compliance with this Injunction; and

    (ii) soliciting, encouraging, authorizing, inducing, or knowingly materially contributing to (as those terms are understood under United States copyright statutory and case law) any person or entity ("user"), via the Kazaa Software or any comparable software, (a) copying, reproducing, downloading, distributing, uploading, linking to, transmitting, or publicly performing any of the Copyrighted Works, or (b) making any of the Copyrighted Works available for

copying, reproduction, downloading, distributing, uploading, linking to, transmitting, or public performance.

        b.    Immediately and permanently shall cease and desist on a worldwide basis, from distributing the Kazaa Software or any other comparable software without at all times implementing and maintaining a copyright filtering solution that is secure and effective in preventing the transmission of unauthorized copies of the copyrighted works of the Motion Picture Studios and their parents, subsidiaries, and affiliates, pursuant to standards and procedures jointly developed by the Parties by agreement.

        c.    Shall use all reasonable means (technical or otherwise), to the extent lawfully and technically possible, to prevent or inhibit infringement of the Copyrighted Works by existing Users of all versions of the Kazaa Software, including without limitation by disabling the searching, downloading, uploading, file trading and/or file distribution functionality, and/or all functionality, of such software, and by taking affirmative steps to deter infringement of the Copyrighted Works by Users.

        3.    If the Kazaa Defendants (a) sell, lease, license, convey, give away, or otherwise transfer or assign, any part of the source code, object code, other technology, domain names, trademarks, brands, assets, or goodwill in any way related to the Kazaa System and Software, or (b) otherwise cause or allow to occur a change of control of the business, operations, equity, or assets of any of the Kazaa Defendants, unless the Transfer is exclusively between and among the Kazaa Defendants, and no other persons (collectively, a "Transfer"), they will require, as a condition of any such transaction, that each purchaser, lessee, or other transferee or assignee (collectively, a "Transferee") (a) submit to this Court's jurisdiction and venue and fully waive and relinquish any argument that venue or jurisdiction by

this Court is improper or inconvenient, (b) agree to be bound by the injunctive terms herein, and (c) apply to the Court for an order adding them as a party to the permanent injunction entered by the Court against the Defendants. The Kazaa Defendants shall not permit any Transfer to close unless and until the Court has entered such an order as to the Transferee.

4. The operative Complaint in this action is hereby amended to add Sharman License Holdings Ltd. as a defendant, which for all purposes herein shall be bound by this Stipulation and the Judgment and Permanent Injunction entered by the Court.

5. The settlement agreement between the parties resolving the underlying action shall not be merged into or extinguished by the entry of this Consent Judgment and Permanent Injunction.

6. The Kazaa Defendants irrevocably and fully waive notice of entry of the Judgment and Permanent Injunction, and notice and service of the entered Judgment and Permanent Injunction, and understand and agree that violation of the Judgment and Permanent Injunction will possibly expose the Kazaa Defendants to all penalties provided by law, including for contempt of Court.

7. The Kazaa Defendants agree forthwith to give notice of the Judgment, once entered, and Permanent Injunction to each of their officers, directors, employees, partners, owners, successors, licensees, and all those acting in concert or participation with each or any of them.

[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION – CV 01-08541 SVW (FMOx)

8. The Kazaa Defendants irrevocably and fully waive any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

9. The Kazaa Defendants consent to continuing jurisdiction of the Court for purposes of enforcement of the Judgment and Permanent Injunction, and irrevocably and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient.

10. The Kazaa Defendants acknowledge that they have read this Stipulation and [Proposed] Judgment and Permanent Injunction and have had it explained by counsel of their choosing, and fully understand it and agree to be bound thereby, and will not deny the truth or accuracy of any term or provision herein.

11. The Motion Picture Studio Plaintiffs shall not be required to post any bond or security, and the Kazaa Defendants permanently, irrevocably, and fully waive any right to request a bond or any other security.

12. This Stipulation, Consent Judgment, and Permanent Injunction are the result of a compromise of claims between the Motion Picture Studio Plaintiffs and the Kazaa Defendants and do not constitute an admission by the Kazaa Defendants of liability for copyright infringement, or otherwise, to the Motion Picture Studio Plaintiffs or any other party.

13. Nothing contained in the Judgment and Permanent Injunction shall limit the right of the Motion Picture Studio Plaintiffs to recover damages for any and all infringements by the Kazaa Defendants of the copyrighted works of the Motion Picture Studios or their affiliates occurring after the date the Kazaa Defendants execute this Stipulation and Judgment and Permanent Injunction.

14. The Motion Picture Studio Plaintiffs and the Kazaa Defendants hereby stipulate to the dismissal with prejudice of all of the counterclaims asserted by Sharman Networks Ltd against the Motion Picture Studio Plaintiffs, only, in the Corrected Third Amended Answer and Counterclaims filed on or about September 23, 2003 and in any earlier counterclaims filed in this action, but not to the dismissal of any of the counterclaims asserted against any other party in this action.

15. The undersigned counsel represent that they have been authorized to execute this Stipulation and [Proposed] Judgment and Permanent Injunction on behalf of their respective clients, as set forth below.

16. The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing the final Judgment and Permanent Injunction.

17. Niklas Zennstrom, Janus Friis Degnbol, Nicola Hemming, and Kevin Bermeister shall not be deemed to be included within the parties enjoined pursuant to paragraph 3 above by virtue of their being agents, servants, employees, representatives, parents, subsidiaries, affiliates, shareholders, officers, principals, successors, assigns, licensees, transferees or otherwise, of any Kazaa Defendant.

SIGNATURES ON NEXT PAGE -

[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION – CV 01-08541 SVW (FMOx)

1

2  Dated: July 24, 2006

3

4  By: _____          By: _____
         Roderick G. Dorman                      Jeffrey F. Gersh
5

6  HENNIGAN, BENNETT & DORMAN              GERSH KAPLAN LLP
   LLP
7                                          *On behalf of Kazaa B.V.*

8  *On behalf of Defendants Sharman
   Networks Ltd and LEF Interactive Pty
9  Ltd*

10
   By: *Thomas G. Hentoff* (signature)
11     _____
       Thomas G. Hentoff
12
   David E. Kendall
13 Robert J. Shaughnessy
   Thomas G. Hentoff
14 WILLIAMS & CONNOLLY LLP

15
   Gregory P. Goeckner
16 Dean C. Garfield
   MOTION PICTURE ASSOCIATION
17 OF AMERICA, INC.

18 Jan B. Norman

19 *On behalf of Plaintiffs Metro-Goldwyn-
   Mayer Studios Inc., Columbia Pictures
20 Industries, Inc., Disney Enterprises,
   Inc., Warner Bros. Entertainment
21 Inc. (as successor-in-interest to the
   Time Warner Entertainment Company,
22 L.P.), New Line Cinema Corporation
   Paramount Pictures Corporation,
23 Twentieth Century Fox Film Corpora-
   tion, and Universal City Studios LLLP
24 (f/k/a Universal City Studios, Inc.)*

25

26

27

28

7

[PROPOSED] CONSENT JUDGMENT AND PERMANENT INJUNCTION – CV 01-08541 SVW (FMOx)

1

2  Dated: July __, 2006

3

4  By: _____        By: _____
        Roderick G. Dorman                  Jeffrey F. Gersh
5
6  HENNIGAN, BENNETT & DORMAN        GERSH KAPLAN LLP
   LLP
7                                    *On behalf of Kazaa B.V.*

8  *On behalf of Defendants Sharman
   Networks Ltd and LEF Interactive Pty
9  Ltd*

10

11 By: _____
        Thomas G. Hentoff

12 David E. Kendall
   Robert J. Shaughnessy
13 Thomas G. Hentoff
   WILLIAMS & CONNOLLY LLP
14

15
   Gregory P. Goeckner
16 Dean C. Garfield
   MOTION PICTURE ASSOCIATION
17 OF AMERICA, INC.

18 Jan B. Norman

19 *On behalf of Plaintiffs Metro-Goldwyn-
   Mayer Studios Inc., Columbia Pictures
20 Industries, Inc., Disney Enterprises,
   Inc., Warner Bros. Entertainment
21 Inc. (as successor-in-interest to the
   Time Warner Entertainment Company,
22 L.P.), New Line Cinema Corporation
   Paramount Pictures Corporation,
23 Twentieth Century Fox Film Corpora-
   tion, and Universal City Studios LLLP
24 (f/k/a Universal City Studios, Inc.)*

25

26

27

28

## JUDGMENT AND PERMANENT INJUNCTION

Having duly considered the Stipulation of the Parties, and the proceedings in this Action, the Court orders that the Judgment and Permanent Injunction above shall be entered as the final judgment of this Court.

SO ORDERED, this __27__ day of __July__, 20__06__

_____
Hon. Stephen V. Wilson
United States District Judge

8

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18, and not a party to the within action. My business address is Mitchell Silberberg & Knupp LLP, 11377 West Olympic Boulevard, Los Angeles, California 90064-1683.

On July 26, 2006, I served a copy of the foregoing documents described as **STIPULATION TO CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST SHARMAN NETWORKS LTD AND LEF INTERACTIVE PTY LTD** on the interested parties in this action at their last known address as set forth below by taking the action described below:

**SEE ATTACHED SERVICE LIST**

☒ **BY PLACING FOR COLLECTION AND MAILING:** I sealed and placed the envelopes for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at 11377 West Olympic Boulevard, Los Angeles, CA 90064-1683 in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on July 26, 2006, at Los Angeles, California.

_____
Constance Haft

## MGM STUDIOS, INC., et al. v. GROKSTER, LTD., et al.
### USDC Case No. 01-08541 SVW (PJWx) and
### Case No. 01-09923 SVW (PJWx)

### SERVICE LIST

| | |
|---|---|
| Donald B. Verrilli, Jr.<br>Steven B. Fabrizio, Esq.<br>Jenner & Block LLC<br>601 Thirteenth Street, NW<br>Suite 1200 South<br>Washington, D.C. 20005-3823<br>Fax: (202) 661-4823 | David B. Casselman, Esq.<br>Wasserman Comden Casselman & Pearson<br>5567 Reseda Blvd., Suite 330<br>Tarzana, CA 91357-7033<br>Fax: (818) 705-8147 |
| Charles S. Baker, Esq.<br>Porter & Hedges, LLP<br>1000 Main Street, 36th Floor<br>Houston, TX 77002<br>Fax: (713) 226-6276 | Gregory P. Goeckner, Esq.<br>Dean Garfield, Esq.<br>MPAA<br>15503 Ventura Boulevard<br>Encino, CA 91436-3103<br>Fax: (818) 382-1797 |
| Roderick G. Dorman, Esq.<br>Hennigan Bennett & Dorman LLP<br>865 S. Figueroa St., Suite 2900<br>Los Angeles, CA 90017<br>Fax: (213) 694-1234 | Carey R. Ramos, Esq.<br>Paul Weiss Rifkind Wharton & Garrison<br>1285 Avenue of the Americas<br>New York, NY 10019-0064<br>Fax: (212) 757-3900 |
| Jeffrey F. Gersh, Esq.<br>Gersh Kaplan LLP<br>15821 Ventura Boulevard, Suite 515<br>Encino, CA 91436<br>Fax: (818) 981-4618 | Kenneth Doroshow, Esq.<br>RIAA<br>1330 Connecticut Ave. N.W., Ste 300<br>Washington, D.C. 20036<br>Fax: (202) 775-7253 |
| David E. Kendall, Esq.<br>Williams & Connolly LLP<br>725 Twelfth Street, N.W.<br>Washington, D.C. 20005<br>Fax: (202) 434-5029 | Kelli Sager, Esq.<br>Davis Wright Tremaine LLP<br>865 So. Figueroa St., Suite 2400<br>Los Angeles, CA 90017-2566<br>Fax: (213) 633-6899 |

Mitchell<br>Silberberg &<br>Knupp LLP

0839675.2