1  DAVID E. KENDALL (*pro hac vice*)
2  THOMAS G. HENTOFF (*pro hac vice*)
   WILLIAMS & CONNOLLY LLP
3  725 Twelfth Street, N.W.
   Washington, D.C. 20005
4  Telephone:  (202) 434-5000
   Telecopy:  (202) 434-5029
5
   *Attorneys for Motion Picture Studio*
6  *Plaintiffs*

7

8

9              **UNITED STATES DISTRICT COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11

12  METRO-GOLDWYN-MAYER              Case No.: CV 01-08541 SVW (FMOx)
    STUDIOS INC., *et al.*,
13                                   **AMENDED CONSENT
                Plaintiffs,          JUDGMENT AND PERMANENT
14       v.                          INJUNCTION: MOTION
                                     PICTURE STUDIO PLAINTIFFS
15  GROKSTER, LTD., *et al.*,        AND KAZAA DEFENDANTS**

16              Defendants.

17
    _____
18  AND RELATED COUNTERCLAIMS.

19

20

21

22

23

24

25

26

27

28

Having duly considered the Stipulation of the Motion Picture Studio Plaintiffs and the Kazaa Defendants, filed October 1, 2008 and incorporated herein ("the Parties' Stipulation"), and the proceedings in this Action, the Court adopts the Parties' Stipulation and orders that the Consent Judgment and Permanent Injunction entered by this Court on July 28, 2006 is hereby amended in order to include the following defendants, with their consent, which formerly had been subject to a consent order only in the United Kingdom: Joltid Ltd., Indigo Investment BV, La Galiote BV, Kevin Glen Bermeister, Janus Friis Degnbol, Nicola Anne Hemming, and Niklas Zennstrom.

As so amended:

Defendants Sharman Networks Ltd ("Sharman"), LEF Interactive Pty Ltd ("LEF"), and Sharman License Holdings Ltd ("SLH") (collectively, "the Sharman Defendants"),  and Kazaa BV, Joltid Ltd., Indigo Investment BV, La Galiote BV, Kevin Glen Bermeister, Janus Friis Degnbol, Nicola Anne Hemming, and Niklas Zennstrom on the one hand (collectively, "the Kazaa Defendants"), and Plaintiffs Metro-Goldwyn-Mayer Studios Inc., Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Warner Bros. Entertainment Inc. (as successor-in-interest to the Filmed Entertainment Division of Time Warner Entertainment Company, L.P.), New Line Cinema Corporation, Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, and Universal City Studios LLLP (f/k/a Universal City Studios, Inc.) (collectively, "the Motion Picture Studio Plaintiffs"), on the other hand, by and through their undersigned counsel, have stipulated to the entry of an Amended Consent Judgment and Permanent Injunction in favor of the Motion Picture Studio Plaintiffs according to the following terms.  For purposes of the Parties' Stipulation, and the Amended Consent Judgment and Permanent Injunction, the term "Kazaa System and Software" shall mean the software heretofore distributed under the name "Kazaa" or the "Kazaa Media Desktop" or "KMD" or "Kazaa Plus" (the "Kazaa Software"), the computer servers operated by

the Kazaa Defendants, and other activities in which the Kazaa Defendants engaged, including operating the "kazaa.com" website, to allow users of the Kazaa Software ("Users") to connect to and use computer networks consisting, inter alia, of other Users of Kazaa Software, to reproduce and distribute digital files.

1.      Judgment shall be entered against the Kazaa Defendants and in favor of the Motion Picture Studio Plaintiffs in Case No. CV 01-08541 SVW (FMOx), in accordance with the Parties' Stipulation, each party to bear its own fees and costs.

2.      The Kazaa Defendants, and each of them, and including their respective officers, agents, servants, employees,  and attorneys and  those persons in active concert or participation with them who received actual notice of this Amended Consent Judgment and Permanent Injunction by personal service or otherwise:

a.      Immediately and permanently shall cease and desist on a worldwide basis, from, in any manner, directly, contributorily, or vicariously infringing, or inducing the infringement of (as those terms are understood under United States copyright statutory and case law), any copyright in any and all motion pictures, television programs, or other copyrighted works (or portions thereof), whether now in existence or later created, in which any Motion Picture Studio Plaintiff (including its parents, subsidiaries, and affiliates) owns or controls an exclusive right under Section 106 of the United States Copyright Act (17 U.S.C. § 106) (the "Copyrighted Works") or the applicable copyright law of any other jurisdiction.  This shall include, but is not limited to, engaging in any of the following without the authorization of the appropriate Motion Picture Studio Plaintiff:

(i)      copying, reproducing, publicly performing, or otherwise exploiting any of the Copyrighted Works via the Kazaa Software or any

2

comparable software, except for the limited purpose of testing the effectiveness of copyright filtering undertaken in order to help ensure compliance with this Injunction; and

(ii)    soliciting, encouraging, authorizing, inducing, or knowingly materially contributing to (as those terms are understood under United States copyright statutory and case law) any person or entity ("user"), via the Kazaa Software or any comparable software, (a) copying, reproducing, downloading, distributing, uploading, linking to, transmitting, or publicly performing any of the Copyrighted Works, or (b) making any of the Copyrighted Works available for copying, reproduction, downloading, distributing, uploading, linking to, transmitting, or public performance.

b.    Immediately and permanently shall cease and desist on a worldwide basis, from distributing the Kazaa Software or any other comparable software without at all times implementing and maintaining a copyright filtering solution that is secure and effective in preventing the transmission of unauthorized copies of the copyrighted works of the Motion Picture Studios and their parents, subsidiaries, and affiliates, pursuant to standards and procedures jointly developed by the Parties by agreement.

c.    Shall use all reasonable means (technical or otherwise), to the extent lawfully and technically possible, to prevent or inhibit infringement of the Copyrighted Works by existing Users of all versions of the Kazaa Software, including without limitation by disabling the searching, downloading, uploading, file trading and/or file distribution functionality, and/or all functionality, of such software, and by taking affirmative steps to deter infringement of the Copyrighted Works by Users.

3.    If the Kazaa Defendants (a) sell, lease, license, convey, give away, or otherwise transfer or assign, any part of the source code, object code, other

3

technology, domain names, trademarks, brands, assets, or goodwill in any way related to the Kazaa System and Software, or (b) otherwise cause or allow to occur a change of control of the business, operations, equity, or assets of any of the Kazaa Defendants, unless the Transfer is exclusively between and among the Kazaa Defendants, and no other persons (collectively, a "Transfer"), they will require, as a condition of any such transaction, that each purchaser, lessee, or other transferee or assignee (collectively, a "Transferee") (a) submit to this Court's jurisdiction and venue and fully waive and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient, (b) agree to be bound by the injunctive terms herein, and (c) apply to the Court for an order adding them as a party to the permanent injunction entered by the Court against the Defendants.  The Kazaa Defendants shall not permit any Transfer to close unless and until the Court has entered such an order as to the Transferee.

4.      The operative Complaint in this action is hereby amended to add Sharman License Holdings Ltd. as a defendant, which for all purposes herein shall be bound by the Parties' Stipulation and the Amended Consent Judgment and Permanent Injunction entered by the Court.

5.      The settlement agreement between the parties resolving the underlying action shall not be merged into or extinguished by the entry of this Amended Consent Judgment and Permanent Injunction.

6.      The Kazaa Defendants have irrevocably and fully waived notice of entry of the Judgment and Permanent Injunction, and notice and service of the entered Judgment and Permanent Injunction, and have represented that they understand and agree that violation of the Judgment and Permanent Injunction will

4

possibly expose the Kazaa Defendants to all penalties provided by law, including for contempt of Court.

7.      The Kazaa Defendants have agreed forthwith to give notice of the Judgment, once entered, and Permanent Injunction to each of their officers, directors, employees, partners, owners, successors, licensees, and all those acting in concert or participation with each or any of them.

8.      The Kazaa Defendants have irrevocably and fully waived any and all right to appeal the Judgment and Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or otherwise to attack in any way, directly or collaterally, its validity or enforceability.

9.      The Kazaa Defendants have consented to continuing jurisdiction of the Court for purposes of enforcement of the Amended Consent Judgment and Permanent Injunction, and have irrevocably and fully waived and relinquish any argument that venue or jurisdiction by this Court is improper or inconvenient.

10.     The Kazaa Defendants have acknowledged that they have read the Parties' Stipulation and [Proposed] Amended Consent Judgment and Permanent Injunction and have had it explained by counsel of their choosing, and fully understand it and agree to be bound thereby, and will not deny the truth or accuracy of any term or provision herein.

11.     The Motion Picture Studio Plaintiffs shall not be required to post any bond or security, and the Kazaa Defendants permanently, irrevocably, and fully waive any right to request a bond or any other security.

5

12.     The Parties' Stipulation, and this Amended Consent Judgment and Permanent Injunction are the result of a compromise of claims between the Motion Picture Studio Plaintiffs and the Kazaa Defendants and do not constitute an admission by the Kazaa Defendants of liability for copyright infringement, or otherwise, to the Motion Picture Studio Plaintiffs or any other party.

13.     Nothing contained in the Amended Consent Judgment and Permanent Injunction shall limit the right of the Motion Picture Studios to recover damages for any and all infringements by the Kazaa Defendants of the copyrighted works of the Motion Picture Studio Plaintiffs or their affiliates occurring after the date the Kazaa Defendants execute the Parties' Stipulation to this Amended Consent Judgment and Permanent Injunction.

14.     The Motion Picture Studio Plaintiffs and the Kazaa Defendants have stipulated to the dismissal with prejudice of all of the counterclaims asserted by Sharman Networks Ltd against the Motion Picture Studio Plaintiffs, only, in the Corrected Third Amended Answer and Counterclaims filed on or about September 23, 2003 and in any earlier counterclaims filed in this action, but not to the dismissal of any of the counterclaims asserted against any other party in this action.

15.     Counsel for the Motion Picture Studio Plaintiffs and the Kazaa Defendants have represented that they have been authorized to execute the Parties' Stipulation on behalf of their respective clients.

16.     The Court shall maintain continuing jurisdiction over this action for the purpose of enforcing the final Amended Consent Judgment and Permanent Injunction.

6

1    17.    Niklas Zennstrom, Janus Friis Degnbol, Nicola Hemming, and

2  Kevin Bermeister shall not be deemed to be included within the parties enjoined

3  pursuant to paragraph 3 above by virtue of their being agents, servants, employees,

4  representatives, parents, subsidiaries, affiliates, shareholders, officers, principals,

5  successors, assigns, licensees, transferees or otherwise, of any Kazaa Defendant.

6

7    SO ORDERED, this 8th day of October, 2008.

8

9

10  _____

11  Hon. Stephen V. Wilson
   United States District Judge

7